# Court of Appeals
# of the State of Georgia

ATLANTA, _July 14, 2026_

*The Court of Appeals hereby passes the following order:*

## A26O0005. JOSHUA WRIGHT v. CONNIE TAYLOR, IN HER OFFICIAL CAPACITY AS CLERK OF SUPERIOR COURT OF COBB COUNTY et al.

Joshua Wright filed an original mandamus petition in this Court, seeking to require the clerk of the Cobb County Superior Court and the district court administrator of the 7th Judicial Administrative District to assign an out-of-circuit judge to hear his emergency petition for a writ of habeas corpus and temporary kinship placement of his minor children. We transferred the case to the Supreme Court of Georgia to determine whether it had jurisdiction over the habeas corpus petition. After finding it did not have jurisdiction because Wright is seeking a change in legal custody, the Supreme Court transferred the mandamus petition back to this Court. Case No. S26O1284 (May 19, 2026). Because Wright has not demonstrated entitlement to mandamus relief, this petition is subject to dismissal.

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983); see Ga. Const. of 1983, Art. VI, Sec. I, Par. IV (providing that appellate courts have mandamus authority in aid of their jurisdiction). Moreover, mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734(2) (755

SE2d 760) (2014). As the Supreme Court of Georgia recently explained, "it will be an 'extremely rare' circumstance that would require a party to seek a writ of mandamus in [an appellate court] in the first instance, given that superior court judges have the power to issue process in the nature of mandamus against other superior court judges or trial court officials." *Arnold v. Alexander*, 321 Ga. 330, 335(1) n.6 (914 SE2d 311) (2025). Rather, the procedure to be followed before seeking to invoke this Court's original jurisdiction is to file the petition in the appropriate lower court first. Id.

Here, there is no indication that Wright petitioned the Cobb County Superior Court for a writ of mandamus, and this is not one of the extremely rare instances in which this Court will exercise its original jurisdiction. Thus, there is no basis for this Court to exercise its jurisdiction, and this original petition is hereby DISMISSED. Wright's motions for stay of proceedings and to expedite, as well as his other requests for relief, are DENIED as MOOT.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* 07/14/2026

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*